# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cv117

| | |
|---|---|
| NEWELL G. RATHBONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| HAYWOOD COUNTY, a body politic, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court in accordance with 28, United States Code, Section 636(c) and on defendant's Motion to Dismiss. Having considered defendant's motion, plaintiff's response, and defendant's reply, and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

**I.     Background**

In this action, plaintiff contends that he was unlawfully discriminated against in his public employment with Haywood County based on his age. Complaint, at ¶ 6 through 29. On June 8, 2007, plaintiff contends, *inter alia*, that he was injured while on the job, id., at ¶ 16, but defendant's supervisory employees failed to fill out a report to be sent to the North Carolina Industrial Commission documenting such

accident or his injury. Id., at 17. Plaintiff was 53 years old when he was hired by the defendant in 1999; at the time of his termination on June 22, 2007, he was 61 years old. Id., at 20. Plaintiff has asserted the following causes of action:

(1) Age Discrimination in violation of the ADEA;

(2) Retaliation for threatening to file a worker's compensation claim and a claim of Age Discrimination;

(3) Wrongful Discharge in violation of public policy; and

(4) Negligent Supervision of an employee, arguing that defendant had a duty to the plaintiff to refrain from and prevent unlawful employment discrimination and practices within its departments.

Plaintiff has also requested punitive damages against the county defendant in his *ad damnum* clause.

## II. The Motion to Dismiss

Defendant seeks dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure, of the plaintiff's fourth claim for relief, negligent supervision. Defendant also seeks dismissal of the request for punitive damages under Rule 12(b)(6), which the court will interpret as a motion to strike inasmuch as punitive damages is not a "cause of action" subject to dismissal under Rule 12(b)(6).

## III. Applicable Standard

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiff's complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001). However, the Court recently held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Bell Atlnatic Corp. v. Twombly, ___

U.S. ___, 127 S.Ct. 1955 (2007). Under Twombley, to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." Id.

While the court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motions, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

**IV.  Motion to Strike Demand for Punitive Damages**

The court has deemed defendant's motion to dismiss the demand for punitive

damages to be a motion to strike such demand. This is required because North Carolina does not recognize a "cause of action" for punitive damages.

> As a general rule, "[p]unitive damages do not and cannot exist as an independent cause of action, but are mere incidents of the cause of action and can never constitute a basis for it. If the injured party has no cause of action independent of a supposed right to recover punitive damages, then he has no cause of action at all." J. Stein, Damages and Recovery § 195 at 389 (1972). North Carolina follows this general rule of law.

Hawkins v. Hawkins, 101 N.C.App. 529, 532 (1991). Instead, punitive damages may be sought in an *ad damnum* clause or a prayer for relief for damages for some other tort that would support punitive damages. Thus, plaintiff's placement of its request for punitive damages in the *ad damnum* clause was technically proper; however, counties are immune from punitive damages as a matter of law. Long v. City of Charlotte, 306 N.C. 187 (1982).

In responding to defendant's motion, plaintiff concedes the point and has offered to withdraw its demand. The court will, therefore, strike the demand for punitive damages and the demand will be ordered stricken under Rule 12(f) as insufficient.

## V. Motion to Dismiss Claim for Negligent Supervision

In his fourth cause of action, plaintiff asserts a claim for negligent supervision of an employee, arguing that defendant had a duty to the plaintiff to refrain from and

prevent unlawful employment discrimination and practices within its departments and that it failed to do so when it failed to properly supervise its employees. The Negligent supervision has two elements:

1. that an incompetent employee committed a tortious act resulting in injury to the plaintiff; and

2. that prior to the act, the employer knew or had reason to know of the employee's incompetency.

Smith v. First Union National Bank, 202 F.3d 234, 250 (4th Cir. 2000). Defendant has moved to dismiss, arguing that such a claim is barred by the North Carolina Workers Compensation Act.

It is well settled that when an employee's injury is compensable under the Act, exclusive jurisdiction lies in the North Carolina Industrial Commission, and a civil action based on negligence or even willful or wanton negligence cannot lie. Wake County Hosp. Sys., Inc. v. Safety Nat'l Cas. Corp., 127 N.C.App. 33, 40 (1997). In turn, to be compensable under the Act, the following three requirements must be met:

(1) the injury must have been caused by an accident;

(2) the injury must have "arisen out of" the employment; and

(3) the injury must have been sustained "in the course of" employment.

See Gallimore v. Marilyn's Shoes, 292 N.C. 399, 402 (1977).

In this case, the court's only concern as to whether the WCA prevents plaintiff from bringing this claim is found in the first requirement, which requires that the injury must have been "caused by an accident." Clearly, it is well established that one cannot violate another's civil rights through mere negligence. Davidson v. Cannon, 474 U.S. 344 (1986). Looking closer, however, under North carolina law, accident takes on a very different meaning under the WCA inasmuch as the North Carolina courts have held that even "[a]n assault," which is an intentional act, "may be an accident within the meaning of the ... Act when it is unexpected and without design *on the part of the employee* who suffers from it." Gallimore, supra, at 402. Based on the allegations of the Complaint, it appears that even purported employment discrimination may be compensable under the WCA, thus eliminating plaintiff's claim for negligent supervision. See Richardson v. North Carolina Department of Corrections, 345 N.C. 128 (1996).

Plaintiff's claim for negligent supervision based on a Title VII violation also appears to be barred under McLean v. Patten Communities, Inc., 332 F.3d 714 (4th Cir. 2003). In McLean, the Court of Appeals for the Fourth Circuit affirmed the district court's entry of judgment against the plaintiff on a claim under North Carolina law for negligent supervision where such claim was based on a Title VII violation. The court found that North Carolina law would not support a negligent supervision

claim based on a statutory tort rather than a common law tort. Id., at 719. While the dissent takes issue and makes a compelling argument inapposite to the conclusion of the majority, it appears that the published decision in McLean is binding precedent upon this court. Thus, the court will dismiss, in the alternative, the fourth cause of action in accordance with McLean. In any event the plaintiff's cause of action for Negligent Supervision would seem to be counter to his allegations contained in "Count I" and "Count II" the proof of which proof of intentional acts and not negligent acts.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (#6) is **GRANTED,** and plaintiff's fourth cause of action is **DISMISSED** with prejudice, and plaintiff's Motion to Strike the demand for punitive damages under Rule 12(f) is **ALLOWED**, and the claim for punitive damages is **STRICKEN** from the Complaint with prejudice. The parties are now to confer and file their Certification of Initial Attorney's Conference as required by the Local Rules.

Signed: July 16, 2008

Dennis L. Howell
United States Magistrate Judge